No. 23-50593

In the United States Court of Appeals for the Fifth Circuit

*IN RE* JOEYLYNN MESAROS AND ROBERT MESAROS,

PETITIONERS

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas, Austin Division

Case No. 1:21-CV-00565-RP

**MOTION TO RENEW REQUEST FOR MANDAMUS RELIEF**

Jerad Wayne Najvar
NAJVAR LAW FIRM PLLC
2180 North Loop West
Suite 255
Houston, Texas 77018
Tel. (281) 404-4696
Fax (281) 582-4138
*Counsel for Petitioners*

# CERTIFICATE OF INTERESTED PERSONS

No. 23-50593

*IN RE* JOEYLYNN MESAROS AND ROBERT MESAROS,

Petitioners

---

On Petition for Writ of Mandamus to the United States
District Court for the Western District of Texas, Austin Division
Case No. 1:21-CV-00565-RP

---

The undersigned counsel of record certifies the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate their possible recusal or disqualification:

1. **Petitioner and Counsel**:

Petitioners, defendants below, are Joeylynn Mesaros and Robert Mesaros. The Mesaroses are represented in the trial court and in the Fifth Circuit by:

Jerad Wayne Najvar
NAJVAR LAW FIRM PLLC
2180 North Loop West
Suite 255
Houston, Texas 77018
Tel. (281) 404-4696
Fax (281) 582-4138

*Counsel for Petitioners*

## 2. Respondents and Counsel

As the presiding judge below, the Honorable Robert L. Pitman, U.S. District Judge, Western District of Texas, is a Respondent.

Respondents and plaintiffs below are Eric Cervini, Wendy Davis, David Gins, and Timothy Halloway, represented by the following counsel:

Anne H. Tindall
The Protect Democracy Project
2020 Pennsylvania Avenue Suite #163
Washington, DC 20006
(240) 357−1602
Fax: (929) 777−8428
Email: Anne.Tindall@Protectdemocracy.org

Ashley Fernandez Dorsaneo
Texas Civil Rights Project
1405 Montopolis Dr.
Austin, TX 78741
(512) 474−5073
Fax: (512) 474−0726
Email: ashley@texascivilrightsproject.org

Benjamin L. Berwick
The Protect Democracy Project
15 Main St., Suite 312
Watertown, MA 02472
(202) 579−4582
Fax: (929) 777−8428
Email: ben.berwick@protectdemocracy.org

Cameron 0. Kistler
The Protect Democracy Project

2020 Pennsylvania Ave. Nw, Suite #163
Washington, DC 20006
(202) 579-4582
Fax: (929) 777-8428
Email: cameron.kistler@protectdemocracy.org

Cerin Lindgrensavage
The Protect Democracy Project
2020 Pennsylvania Ave. NW, Suite #163
Washington, DC 20006
(202) 579-3854
Fax: (929) 777-8428
Email: cerin.lindgrensavage@protectdemocracy.org

Jacek Pruski
The Protect Democracy Project
2020 Pennsylvania Ave. Nw, Suite #163
Washington, DC 20006
(202) 579-4582
Fax: (929) 777-8428
Email: jacek.pruski@protectdemocracy.org

Jared Fletcher Davidson
The Protect Democracy Project
3014 Dauhine Street Suite J
New Orleans, LA 70117
(202) 579-4582
Fax: (929) 777-8428
Email: jared.davidson@protectdemocracy.org

JoAnna Barbara Suriani
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006
202-303-1193
Fax: 202-303-2961
Email: jsuriani@willkie.com

John Paredes
The Protect Democracy Project
115 Broadway, 5th Floor
New York, NY 10006
(202) 579-4582
Fax: (929) 777-8428
Email: john.paredes@protectdemocracy.org

Madeleine Tayer
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8914
Fax: (212) 728-9914
Email: mtayer@willkie.com

Meryl Conant Governski
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006
(202) 303-1016
Fax: (202) 303-2000
Email: mgovernski@willkie.com

Michael J. Gottlieb
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006
(202) 303-1442
Fax: (202) 303-2442
Email: mgottlieb@willkie.com

Mimi M.D. Marziani
Texas Civil Rights Project
1405 Montopolis Drive
Austin, TX 78741
512-474-5073 x108
Fax: 512-474-0726

Email: mimi@texascivilrightsproject.org

Robert J. Meyer
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006
(202) 303-1123
Fax: (202) 303-2123
Email: rmeyer@willkie.com

Rodkangyil Orion Danjuma
The Protect Democracy Project
115 Broadway, 5th Floor
New York, NY 10006
(917) 364-0484
Fax: (917) 777-8428
Email: orion.danjuma@protectdemocracy.org

Samuel Gilbert Hall
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006
(202) 303-1443
Fax: (202) 303-2443
Email: shall@willkie.com

Emma Eileen Hilbert
Texas Civil Rights Project
1405 Montopolis Drive
Austin, TX 78741
512-474-5073
Fax: 512-474-0726
Email: emma@texascivilrightsproject.org

Respondents and defendants below are Eliazar Cisneros, Dolores Park, Steve Ceh, and Randi Ceh, represented by the following counsel and parties:

Attorney for Eliazar Cisneros
FRANCISCO R. CANSECO, ATTORNEY AT LAW
19 Jackson Court
San Antonio, TX 78230
(210) 901–4279
Email: frcanseco@gmail.com

Attorney for Dolores Park
THOMAS MORE LAW CENTER
Richard Thompson
Erin Mersino
emersino@thomasmore.org

Steve Ceh, *pro se*
18501 FM 306
Canyon Lake, Texas 78133

Randi Ceh, *pro se*
18501 FM 306
Canyon Lake, Texas 78133

                                            NAJVAR LAW FIRM PLLC

                                            */s/ Jerad Najvar*
                                            Jerad Najvar

**MOTION TO RENEW REQUEST FOR MANDAMUS RELIEF**

This motion renews the request for mandamus relief by Petitioners Joeylynn and Robert Mesaros. Defendant Park filed a similar motion on October 19, 2023, and the Court ordered Judge Pitman to respond to the motion by November 1. *In re Dolores Park*, No. 23-50585 (Order, Oct. 19, 2023).

On August 28, 2023, this Court issued an order stating: "The district court's order gives rise to serious constitutional questions," and held not only that substantial grounds for difference of opinion obtained, but that the "[district] court *should have certified* its order for interlocutory appeal under 28 U.S.C. § 1292(b)." *In re Joeylynn Mesaros*, No. 50593, Op. at 1 (5th Cir. Aug. 28, 2023) (emphasis added). This Court indicated, "[w]e are confident that the district court will reach the correct certification decision if given another opportunity, which suggests petitioners have another adequate means to secure their requested relief. And if petitioners renew their § 1292(b) motion and again lose in the district court, they are free to renew their request for mandamus relief." *In re Joeylynn Mesaros*, Op. at 10 (internal citation omitted).

The Mesaroses renewed their 28 U.S.C. § 1292(b) motion in the

district court via a motion for reconsideration filed on August 31, 2023. On September 13, this Court issued an order disposing of Defendant Dolores Park's petition for mandamus with an order virtually identical to the order on the Mesaroses' petition, and Park filed her motion for reconsideration in the district court on September 14. Park and the Mesaroses each subsequently requested a stay of proceedings. Relevant filings in the district court following disposition of the Mesaroses' petition have been filed with Dolores Park's Motion to Renew Request for Immediate Mandamus Relief (filed Oct. 19, 2023 in No. 23-50585). The Mesaroses refer to and incorporate those exhibits here rather than duplicating them.

More than six weeks after the Mesaroses filed their motion for reconsideration (and after the stay requests had been pending for nearly a month), the district court again refused to certify the interlocutory appeal, rejecting this Court's determination that it "should have certified its order for interlocutory appeal[.]" *In re Joeylynn Mesaros*, Op. at 1. The district court wrote that "the Fifth Circuit did not address" the third requirement needed for certification under § 1292(b) and therefore seemingly erred in concluding that the district court's order should have

been certified. ECF 258 (Order) at 9. The district court then determined that immediate certification of the controlling questions of law raised by the Fifth Circuit did not meet the "*may* advance the termination of the litigation" requirement for certification. *Id*. (emphasis added).

The district court's refusal to make "the correct certification decision" following this Court's August 28 and September 13 orders is premised on the notion that neither this Court nor the Defendants addressed the third criterion for certification. In fact, both the Defendants *and* this Court addressed the third element for certification, and the district court's refusal to certify contravenes this Court's mandate.

**I.   This Court's Holding That The District Court Should Have Certified An Interlocutory Appeal Necessarily Incorporates a Finding that The Third Criterion Was Met.**

By holding that this court "*should have certified* its order for interlocutory appeal under 28 U.S.C. § 1292(b)," the Fifth Circuit opinion necessarily held that the elements of certification had been met, foreclosing Plaintiffs' invitation to revisit that criterion here.

The parties and this Court were well aware of the three factors to be considered under 28 U.S.C. § 1292(b). This point was addressed in the

10

petitions and responses, which also referred to the issue in the trial court record, including as the issue was discussed in the district court's order denying the various motions to dismiss. *See* Mesaros Pet. for Mandamus at 26, 44-45; Park Pet. for Mandamus at 17 n.3; Plfs' Resp. to Park Pet. for Mandamus Sec. IV, at 37-38; Plfs' Resp. to Mesaros Pet. for Mandamus at 23-24. The Fifth Circuit was not required to even write an opinion to dispose of the mandamus petitions, Fed. R. App. P. 36, 41, but it did issue an opinion, which held *not just* that a substantial ground for difference of opinion exists (the first factor), but that the district court "should have certified its order for interlocutory appeal." This necessarily includes a finding that the remaining factors for certification were satisfied. The law of the case doctrine applies not only to issues decided explicitly, but also to everything decided "by necessary implication." *In re Felt,* 255 F.3d 220, 225 (5th Cir. 2001) ("And, though not expressly addressed in an initial appeal, those matters that were fully briefed to the appellate court and were necessary predicates to the ability to address the issue or issues specifically discussed are deemed to have been decided tacitly or implicitly, and their disposition is law of the case."); *see also Knotts v. United States,* 893 F.2d 758 (5th Cir.1990) (appellate

decision remanding case and reapportioning fault necessarily rejected government's predicate argument that immunity should have been extended, despite the fact that immunity was not discussed in opinion, because it was a necessary predicate to the holding and briefed by the parties). The Fifth Circuit's opinion holding that an interlocutory appeal should have been certified therefore already includes a finding that all three elements were satisfied.

## II. Defendants Repeatedly Argued That An Interlocutory Appeal May Materially Advance Termination of This Litigation.

As related above, this Court's holding that the district court should have certified the appeal necessarily included a finding that all elements were satisfied. Nonetheless, the Defendants have argued, multiple times, that the third element is met.

The district court ignored the arguments made, apparently referring only to the motions for reconsideration themselves. ECF 258 at 9. But these were motions for *reconsideration*; *i.e.*, motions requesting that the district court *reconsider* its disposition of the original motions to dismiss and/or to certify the interlocutory appeal in light of this Court's mandamus orders. The Mesaroses repeatedly argued in their motions to

dismiss and motions to certify an interlocutory appeal that permitting the interlocutory appeal may advance the ultimate termination of the litigation. *See* Mesaroses' original *Mtn. to Reconsider or, in the Alternative, to Amend March 23, 2022 Order to Authorize Interlocutory Appeal* (ECF 69, filed Apr. 1, 2022) at 8 (Mesaros Appx. 237); *Mtn. to Dismiss First Amd. Compl.*, ECF 162 at 5, 8-9[1] (Mesaros Appx. 427). Defendant Park likewise argued that this element was satisfied, in her motions to dismiss, motions to certify, and motion for reconsideration and reply, as shown in Park's renewed motion here. Park and the Mesaroses also argued that dismissal of the lone federal claim may materially advance the ultimate termination of this litigation in their petitions for mandamus, and the Plaintiffs responded to those arguments. Citations to certain relevant portions of the mandamus filings are provided at p. 11, *supra*.

Aside from ignoring the arguments that the Defendants repeatedly made below, the district court's conclusion that the third criterion was not satisfied is hard to square with its own recitation of the relevant

---

[1] This motion to dismiss the First Amended Complaint also requested, in the alternative to dismissal, certification of an interlocutory appeal.

standard. *See* ECF 258 at 11 (recognizing "eliminat[ing] complex issues so as to simplify the trial" as a way to meet this requirement). Indeed, interlocutory resolution of what would otherwise be a post-trial appeal is even sufficient to satisfy this standard. *Cazorla v. Koch Foods of Miss.*, 838 F.3d 540, 548 (5th Cir. 2016) (stating "[t]o be sure, outside the context of § 1292(b), Rule 26 balancing disputes do not normally merit interlocutory review. Nonetheless, by fully addressing this one, we may be able to hasten the end of this already long-running litigation, *e.g.*, by preventing post-trial appeals on the same topic and clarifying the permissible scope of U visa discovery, preventing further pretrial disputes. We therefore see fit to review the district court's discovery order in its entirety."); *see also La. State Conf. of the NAACP v. Louisiana*, 495 F. Supp. 3d 400, 416 (M.D. La. Oct. 19, 2020) (stating "[b]ecause the first two requirements of 28 U.S.C. § 1292(b) have been established and resolution on the Order *could* result in dismissal and/or transfer of venue to the Eastern District, the final prong for the Court to certify the interlocutory appeal has been met.") (emphasis added).

The determination of whether the resolution of an issue "may materially advance the termination of the litigation" is deeply

intertwined with the question of whether the matter presents a "controlling question of law." *United States v. Planned Parenthood Fed'n of Am., Inc.*, 2022 U.S. Dist. LEXIS 123922, *17 (N.D. Tex. July 13, 2022). A "controlling question of law" has even been defined as "at the very least . . . a question of law the resolution of which could materially advance the ultimate termination of the litigation—thereby saving time and expense for the court and the litigants." *Id.* (quoting *Ryan v. Flowserve Corp.*, No. 3:03-CV-1769-B, 444 F. Supp. 2d 718, 722 (N.D. Tex. June 9, 2006) (internal marks omitted)). Elimination of the Plaintiffs' Ku Klux Klan Act claim—the lone federal claim and the centerpiece of this suit, as Plaintiffs themselves have presented it—would clearly dispose a novel and highly complex issue. If this claim were to be dismissed, it would eliminate the need to brief and litigate, in summary judgment motions, trial, and potential future appeals, all of the complex issues surrounding whether Plaintiffs have established a sufficient basis for their claim under the Klan Act and whether they have established a violation in this case. And contrary to Plaintiffs' simplistic representation, the elements of the Klan Act claim are not virtually coextensive with a purported civil assault; for one thing, Plaintiffs' novel claim under the Klan Act would

15

not require proving a reasonable apprehension of serious bodily injury but apparently (according to Plaintiffs) that a reasonable person might have been intimidated out of offering her "support or advocacy" for some other reason.

In any event, the suggestion that Plaintiffs would actually press forward with their novel attempt to shoehorn the events of October 30, 2020 into the elements of a civil "assault" under Texas law *without their federal claim in the case* is questionable in the first place. But even assuming, *arguendo*, that they would do so, eliminating the sensational and complex Klan Act claim from the litigation would clearly mark a material simplification of all aspects of the case going forward.

### III. An Order Compelling the District Court to Certify An Interlocutory Appeal is Appropriate.

While the statute does set up a two-stage process, allowing both the district court and the court of appeals to exercise discretion whether to authorize an interlocutory appeal, that discretion is not unbounded and unreviewable. This Court has effectively required certification by the lower court before. *In re McClelland Engineers, Inc.*, 742 F.2d 837, 839 (5th Cir. 1984) (directly requesting that the district court certify its interlocutory order for appeal) (cited in the Mesaroses' Pet. for

Mandamus at 46). Whether by "request" or mandamus, the district court should be compelled to certify.

## CONCLUSION

The Court should grant mandamus relief directing the district court to certify its order denying the motion to dismiss for this Court to determine whether to grant immediate appellate review.

Respectfully submitted,

*/s/ Jerad Najvar*
Jerad W. Najvar
Texas Bar No. 24068079
jerad@najvarlaw.com
NAJVAR LAW FIRM, PLLC
2180 N. Loop W., Ste. 255
Houston, TX 77018
Phone:     (281) 404-4696
Facsimile: (281) 582-4138
*Counsel for Mesaros Petitioners*

## CERTIFICATE OF SERVICE

I certify that this document was filed with the Court via the court's electronic filing system, on October 24, 2023 and an electronic copy of this document was served on all counsel of record via the court's electronic filing system and via e-mail on the same date and was also delivered to the Hon. Robert Pitman via electronic filing:

                                      */s/Jerad Najvar*
                                      Jerad Najvar

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of FED. R. APP. P. 27(d)(2) because, excluding accompanying documents authorized by FED. R. APP. P. 27(a)(2)(B), if any, this document contains 1,928 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in proportionately spaced typeface using Microsoft® Word 2016 in 14-point Century Schoolbook type.

                                      */s/ Jerad Wayne Najvar*
                                      Jerad Wayne Najvar